IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR CITRUS COUNTY, FLORIDA

JENNIFER C. O'BRIEN
    Plaintiff,

v.

CORECIVIC, INC.
    Defendant.
_____/

Case No. 2021 CA 000561 A
**CIRCUIT CIVIL**
**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW, the Plaintiff, JENNIFER O'BRIEN, by and through her undersigned counsel and sues the Defendant, CORECIVIC, INC., and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $30,000.00 for Negligence, Vicarious Liability of Employer for the Acts of an Employee, Negligent Hiring and Training, Negligent Supervision, and Negligence in the Provision of Medical Care and the Circuit Court has jurisdiction as provided by statute.

2. Venue is proper in the Circuit Court of Citrus County, Florida because the Plaintiff, Jennifer O'Brien's cause of action arose in Citrus County, Florida.

3. The Plaintiff, Jennifer C. O'Brien, is a Florida resident living in Citrus County, Florida and is *sui juris*.

4. The Defendant, CoreCivic, Inc., is a foreign for-profit company licensed to do business in the State of Florida.

5. The Plaintiff, Jennifer O'Brien, has retained the undersigned to represent her and has agreed to pay reasonable attorney fees for said services.

6. Jury Trial is demanded on all counts so triable.

## GENERAL FACTS

7. The Plaintiff repeats and re-alleges paragraphs one (1) through (6) above as if set forth in full herein.

8. On or about September 18, 2019, the Defendant, CoreCivic, Inc. (hereinafter referred to as the "Defendant") operated a business known as the Citrus County Detention Facility on property located at 2604 W. Woodland Ridge Drive, Lecanto, Florida 34461.

9. On or about September 18, 2019, the Plaintiff, Jennifer C. O'Brien, (hereinafter referred to as the "Plaintiff"), was in the custody of the Citrus County Detention Facility.

10. Prior to September 18, 2019, the Plaintiff had notified the Defendant, including a jail guard known to the Plaintiff only as "Ms. Lucas" (hereinafter referred to as "Jane Doe Employee") that she had been specifically threatened by another inmate (Amy Vaughan) and that she (the Plaintiff) feared for her safety.

11. Despite the warnings, no protocols or actions were established or taken to ensure that the Plaintiff was separated from Amy Vaughan; thus there was a failure, on the part of the Defendant to protect the Plaintiff.

12. On or about September 18, 2019, the Plaintiff was serving lunch trays to various inmates and was being monitored by the Jane Doe Employee. When the Plaintiff attempted to serve a lunch tray to Amy Vaughan, Ms. Vaughan shoved the tray back at her (the Plaintiff) and the tray fell to the ground.

13. As the Plaintiff bent over to pick up the tray, Ms. Vaughan began to violently attack the Plaintiff.

14. Although the Jane Doe Employee was standing in the immediate vicinity of the altercation, she made absolutely no attempt to physically disengage Ms. Vaughan from the Plaintiff.

15. Throughout the attack, the Plaintiff's head was repeatedly slammed into the ground and she heard a "crack" in her right lower leg.

16. After several minutes, Ms. Vaughan was finally restrained by other jail guards.

17. As a result of the attack, the Plaintiff suffered debilitating and very serious and significant injuries, that including, but are not limited to fractures of the fibula and tibia of her right leg.

18. Following the attack, the Plaintiff was not provided with the proper follow-up medical care, including not being allowed to remain non-weightbearing, not being provided with a wheelchair until over a month after the accident, and not being allowed to see an orthopedic surgeon until her fractures had already improperly healed. As a result of the above, the Plaintiff now lives with a permanent, lifelong, deformity in her right leg.

## COUNT I-
## NEGLIGENCE

19. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs one (1) through eighteen (18) above as if set forth, in full, herein.

20. The Plaintiff, Jennifer C. O'Brien, is hereby suing the Defendant, CoreCivic, Inc., for Negligence.

21. The Defendant owned and/or operated the business known as the Citrus County Detention Facility on property located at 2604 W. Woodland Ridge Drive, Lecanto, Florida 34461.

22. The Defendant was in possession and/or control of the business premises known as the Citrus County Detention Facility and had a duty to supervise and/or train its employees in a manner that prevented loss, injury or damage to inmates of the facility.

23. On or about September 18, 2019, the Defendant owed the Plaintiff, an inmate of the facility, the legal duty of operating the premises of the Citrus County Detention Facility in a reasonably safe manner and of properly supervising and/or training its employees to prevent injury, loss or damage to inmates of the facility.

24. The Defendant's failure to supervise and/or train its staff in the reasonable protocols to ensure the safety of the residents of their facility resulted in serious bodily injury to the Plaintiff.

25. The Defendant, through its guard, the Jane Doe Employee, was affirmatively put on notice by the Plaintiff of a physical threat against her personal safety by a specific inmate (Amy Vaughan).

26. Despite having knowledge of the specific threat to the Plaintiff's personal health, safety, and well-being, the Defendant negligently failed to take any actions to ensure the Plaintiff's personal and physical safety.

27. Despite having knowledge of the specific threat to the Plaintiff's personal and physical health, safety, and well-being, the Defendant failed to take any actions to ensure that the Plaintiff was kept separate from Amy Vaughan, the inmate that issued the physical threat and, ultimately, the physical attack, against the Plaintiff.

28. The Defendant is liable for the Plaintiff's injuries which occurred while the Plaintiff was an inmate of the Citrus County Detention Facility and was the direct result of the

negligent actions and inactions of the Jane Doe Employee, while acting within the course and scope of her employment with the Defendant.

29. As a direct and proximate result of the negligence of the Defendant, the Plaintiff's injuries include, but are not limited to, permanent damage and loss of function to her right leg.

30. The Plaintiff continues to suffer symptoms and pain related to the above-described incident. As a result of the serious bodily injuries, the Plaintiff has incurred significant expenses for hospitalization and medical treatment. The Plaintiff's injuries continue to impact all aspects of her life in an adverse manner.

31. The Plaintiff has retained the undersigned to represent her and has agreed to pay a reasonable fee for said services.

32. Jury trial is demanded on all counts so triable.

**WHEREFORE,** the Plaintiff, Jennifer C. O'Brien, demands judgment in her favor and against the Defendant, CoreCivic, Inc., for damages, together with interest, court costs and any other relief which this Court may deem just and proper.

## COUNT II-
## VICARIOUS LIABILITY FOR THE ACTS OF EMPLOYEE

33. The Plaintiff repeats and re-alleges the allegations set forth above in paragraphs one (1) through eighteen (18) as if set forth, in full, herein.

34. The Plaintiff, Jennifer C. O'Brien, is hereby suing the Defendant, CoreCivic, Inc., for Negligence as it is vicariously liable for the acts of its employee.

35. Prior to September 18, 2019, the Plaintiff notified the Jane Doe Employee that she had been specifically threatened by another inmate (Amy Vaughan) and that she (the Plaintiff) feared for her personal and physical safety.

36. On September 18, 2019, at the time of the above described incident, the Jane Doe Employee was on duty and was acting within the course and scope of her employment with the Defendant.

37. On September 18, 2019, at the time of the above described incident, the Jane Doe Employee made no attempt to physically intervene when the Plaintiff was being physically assaulted by the inmate Amy Vaughan.

38. As a result of the physical assault by inmate Amy Vaughan, the Plaintiff has suffered from serious and permanent injuries.

39. As a direct and proximate result of the actions and inactions of the Jane Doe Employee, while acting within the course and scope of her employment with the Defendant, the Plaintiff was severely injured, has suffered, and will continue to suffer serious and permanent physical injuries.

40. As a direct and proximate result of the actions of the Jane Doe Employee, while acting within the course and scope of her employment with the Defendant, the Plaintiff has suffered and will continue to suffer severe pain and suffering, disability, mental anguish, loss of earning capacity, loss of capacity for the enjoyment of life, and significant medical expenses.

41. The Plaintiff has retained the undersigned counsel to represent her and has agreed to pay a reasonable fee for said services.

42. Jury Trial is demanded on all counts so triable.

**WHEREFORE**, the Plaintiff, Jennifer C. O'Brien, demands judgment in her favor and against the Defendant, CoreCivic, Inc., for damages, prejudgment interest, and costs, and any other or further relief this Court deems just and proper.

## COUNT III–
## NEGLIGENT HIRING AND TRAINING

43. The Plaintiff repeats and re-alleges the allegations set forth above in paragraphs one (1) through eighteen (18) above as if set forth, in full, herein.

44. The Plaintiff, Jennifer C. O'Brien, is hereby suing the Defendant, CoreCivic, Inc., for Negligent Hiring and Training.

45. At all times relevant hereto, the Jane Doe Employee was an employee of the Defendant.

46. At all times relevant hereto, the Jane Doe Employee was acting within the course and scope of her employment with the Defendant.

47. The Defendant has a duty to retain safe and competent employees so as, in part, to avoid and/or mitigate harm or injuries those that are entrusted into its care, including the Plaintiff.

48. The Defendant had a duty to train its employees in proper conduct and behavior around and towards the inmates of the Citrus County Detention Facility.

49. The Defendant had a duty to train its employees in proper conduct regarding the stoppage, prevention, intervention, and/or de-escalation of physical altercations between inmates.

50. The Defendant had a duty to effectively and reasonably retain safe and competent employees so as, in part, to avoid and/or mitigate the potential of harm and or injury to inmates of the Citrus County Detention Facility.

51. During the course of the employment of the Jane Doe Employee with the Defendant, the Defendant became aware, or should have become aware, of problems with the Jane Doe Employee that indicated her lack of fitness as an employee, and that she posed a danger to others, including the Plaintiff.

52. During the course of employment of the Jane Doe Employee with the Defendant, the Defendant became aware, or should have become aware, that Jane Doe did not have proper training to safely and properly stop, prevent, intervene, and/or de-escalate physical altercations between inmates.

53. The Defendant knew or should have known that the Plaintiff was within the zone of foreseeable risk created by the employment of the Jane Doe Employee.

54. Despite such actual or constructive knowledge, the Defendant failed to take reasonable steps to safeguard the Plaintiff and other inmates of the Citrus County Detention Facility, including, but not limited to, negligently failing to take appropriate, timely, and effective corrective action, up to and including the termination of the Jane Doe Employee.

55. As such, the Defendant breached the duty of care it owed to the Plaintiff.

56. The negligent retention and/or negligent training of the Jane Doe Employee by the Defendant directly and proximately resulted in serious and permanent injuries to the Plaintiff.

57. The negligent retention and/or negligent training of the Jane Doe Employee by the Defendant directly and proximately resulted in the Plaintiff suffering and continuing to suffer severe pain and suffering, disability, mental anguish, loss of earning capacity, loss of capacity for the enjoyment of life, and significant medical expenses.

58. The Plaintiff has retained the undersigned to represent her and has agreed to pay a reasonable fee for said services.

**WHEREFORE**, the Plaintiff, Jennifer C. O'Brien, demands judgment in her favor and against the Defendant, CoreCivic, Inc., for damages, prejudgment interest, and costs, and any other or further relief this Court deems just and proper.

## COUNT IV–
## NEGLIGENT SUPERVISION

59. The Plaintiff repeats and re-alleges the allegations set forth above in paragraphs one (1) through eighteen (18) above as if set forth, in full, herein.

60. The Plaintiff, Jennifer C. O'Brien, is hereby suing the Defendant, CoreCivic, Inc., for Negligent Supervision.

61. At all times relevant hereto, the Jane Doe Employee was an employee of the Defendant.

62. At all times relevant hereto, the Jane Doe Employee was acting within the course and scope of her employment with the Defendant.

63. The Defendant had a duty to effectively and reasonably supervise its employees so as, in part, to avoid and/or mitigate harm to others, including the Plaintiff.

64. The Defendant knew that the Jane Doe Employee, in the course of her employment, would have to interact with inmates of the Citrus County Detention Facility in a variety of situations, including attempts to stop, prevent intervene, and/or de-escalate physical altercations between inmates.

65. The Defendant had a duty to actively supervise the Jane Doe Employee until she had demonstrated a comprehensive knowledge and ability to perform her work duties, including the ability to safely and properly stop, intervene, prevent, and/or de-escalate physical altercations between inmates.

66. The Defendant failed to take proper precautions to diligently, adequately, and actively supervise the Jane Doe Employee, thereby allowing her to negligently allow a physical altercation between inmates to continue for an inordinate and unsafe amount of time. The

actions and inactions of the Jane Doe Employee caused serious and permanent injury to the Plaintiff.

67. The negligent supervision of the Jane Doe Employee by the Defendant directly and proximately resulted in the Plaintiff suffering from serious, significant, and permanent physical injuries.

68. The Plaintiff has retained the undersigned to represent her and has agreed to pay a reasonable fee for said services.

**WHEREFORE**, the Plaintiff, Jennifer C. O'Brien, demands judgment in her favor and against the Defendant, CoreCivic, Inc., for damages, prejudgment interest, and costs, and any other or further relief this Court deems just and proper.

## COUNT V- NEGLIGENT PROVISION OF MEDICAL CARE

69. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs one (1) through eighteen (18) above as if set forth, in full, herein.

70. The Plaintiff, Jennifer C. O'Brien, is hereby suing the Defendant, CoreCivic, Inc., for Negligent Provision of Medical Care.

71. The Defendant owned and/or operated the business known as the Citrus County Detention Facility on property located at 2604 W. Woodland Ridge Drive, Lecanto, Florida 34461.

72. The Defendant was in possession and/or control of the business premises known as the Citrus County Detention Facility.

73. At all times relevant hereto, the Plaintiff was in the custody of the Defendant.

74. At all times relevant hereto, the Plaintiff's detention was such that she was unable to care for her own well-being relative to the need for medical care.

75. At all times relevant hereto, the Plaintiff's ability to obtain medical care was at the sole and absolute discretion of the Defendant.

76. At all time relevant hereto, the Defendant had undertaken the responsibility to provide medical care to inmates of the Citrus County Detention Center.

77. At all times relevant hereto, the Defendant had a duty to use reasonable care in providing the necessary medical care to the Plaintiff when the Plaintiff was deprived, as a result of her detention at the Citrus County Detention Center, of her normal opportunity to seek medical care.

78. At all times relevant hereto, the Defendant breached its duty by virtue of the following acts or omissions:

    a. By negligently diagnosing, failing to diagnose or failing to adequately diagnose the condition from which the Plaintiff was suffering, specifically, displaced fractures of the right tibia and fibula (including, but not limited to, failing to understand and appreciate the seriousness of the Plaintiff's ongoing medical condition);

    b. By negligently treating, failing to treat or failing to adequately treat the condition from which the Plaintiff was suffering, specifically displaced fractures of the right tibia and fibula (including, but not limited to, failing to allow the Plaintiff to visit an orthopedic surgeon until over two months after the attack, by which time her broken bones had already improperly healed); and

    c. By failing to furnish proper medical care and medicine to the Plaintiff to avoid the worsening of the Plaintiff's condition, specifically, displaced fractures of the right tibia and fibula (including, but not limited to, failing to allow the Plaintiff to

remain non-weightbearing and failing to provide the Plaintiff with a wheelchair until over one month after the accident).

79. As a direct and proximate result of the negligence of the Defendant, the Plaintiff's injuries include, but are not limited to, permanent damage and loss of function to her right leg.

80. The Plaintiff continues to suffer symptoms and pain related to the above-described negligent medical care. As a result of the serious bodily injuries, the Plaintiff has incurred significant expenses for hospitalization and medical treatment. The Plaintiff's injuries continue to impact most aspects of her life in an adverse manner.

81. The Plaintiff has retained the undersigned to represent her and has agreed to pay a reasonable fee for said services.

82. Jury trial is demanded on all counts so triable.

**WHEREFORE**, the Plaintiff, Jennifer C. O'Brien, demands judgment in her favor and against the Defendant, CoreCivic, Inc., for damages, together with interest, court costs and any other relief which this Court may deem just and proper.

Dated: July 26, 2021

Respectfully Submitted,
Law Office of Grant & Dozier, LLC

By: _____
Fred D. Mongello
Florida Bar No. 0087776
123 North Apopka Avenue
Inverness, Florida 33450
Tel: (352) 726-5111
Attorney for Plaintiff